IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | |
| CITY OF WICHITA FALLS, TEXAS and THE WICHITA COUNTY WATER IMPROVEMENT DISTRICT NO. 2 | § § | NO. 7:02-CV-264-KA |
| vs. | § | |
| W. T. WAGGONER ESTATE, a Trust Estate | § | |

## MEMORANDUM AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT

Comes now for the Court's consideration Plaintiff's Motion for Summary Judgment. The United States of America, Plaintiff herein, filed this suit seeking a declaratory judgment with respect to its Contract (as supplemented) with Defendants, City of Wichita Falls ("City") and The Wichita County Water Improvement District No. 2 ("District"), and seeking specific performance of the Contract in accordance with the Court's declaration. The City and the District are hereinafter collectively referred to as "City/District." With respect to counterclaims filed by City/District, Plaintiff seeks no evidence summary judgment on their causes of action.

Plaintiff claims it entered into a Contract with City/District for the reconstruction and raising of the Lake Kemp Dam. By the terms of that Contract, Plaintiff claimed that City/District were obligated to remove all of the cabins below the 1159.0 m.s.l. elevation on or before January 1, 2000. Further alleging that City/District had failed to remove all cabins by the January 1, 2000 date, Plaintiff seeks specific performance by City/District of their cabin removal obligations under the Contract. On February 3, 2006, Plaintiff filed its Motion for Summary Judgment seeking the Court's

declaration of the terms of the Contract with City/District and seeking the Court's order of specific performance requiring City/District to remove the cabins. City/District have filed their respective oppositions to the Motion for Summary Judgment and Objections to the Summary Judgment Evidence. By separate Order the Court has ruled on City/District's evidentiary objections and on Plaintiff's evidentiary objections to City/Districts' summary judgment evidence.

City/District claim that there are general issues of material fact precluding the grant of Plaintiff's Motion for Summary Judgment, to-wit: (1) whether there are, and how many there are, of "habitable structures" existing below the 1159.0 msl at Lake Kemp; (2) whether City/District breached their contractual duties by not removing habitable structures below the 1159.0 msl; (3) whether City/District breached their contractual obligations under the Contract; and (4) whether Plaintiff is entitled to specific performance. In support of their arguments, City/District submitted three affidavits with their respective attachments. Following City/District' summary judgment submissions, Plaintiff responded by filing a Supplemental Appendix incorporating therein numerous additional documents supported by several new affidavits.

Having reviewed the parties' pleadings in this cause, Plaintiff's Motion and Brief, Plaintiff's Appendix and Supplemental Appendix, City/District' Response, City/District's Brief and City/District's Appendix, together with Plaintiff's Reply and Supplemental Appendix, I find that Plaintiff's Motion should be granted in part and denied in part.

With respect to that portion of Plaintiff's Motion for Summary Judgment seeking declaratory judgment with respect to the terms and provisions of its Contract with City/District, I find that with respect to the stated obligation of City/Water District to remove cabins from that portion of the lake flood pool below the 1159.0 m.s.l. elevation, the Contract is unambiguous. The original Contract

No. DACW 56-67-C-00252 dated September 5, 1967 provides in Subpart b of Article II "Owner shall remove all cabins and relocate and/or alter existing buildings... as may be necessary for reconstruction of the Project." Subpart b of Article I defines "Owner" as The City of Wichita Falls, Texas and Wichita County Water Improvement District No. 2." Subpart c of Article I originally established a deadline for completion of all "land acquisitions" for the Project... "on or before 1 January 1971." Supplemental Agreement No. P001 dated May 19, 1997 changed the date for the acquisition of the land for the Project operation from January 1, 1971 to January 1, 1973, two years later. Supplemental Agreement No. 00002 dated November 22, 1972 recited that it was executed due to the parties' "desire to change the requirements for cabin removal...." Specifically, Sec. 1(a) provided "The Owners will remove all cabins... and all cabins below elevation 1159.0 by 1 January 2000." Subpart b provided the Owner must prohibit construction of new cabins below 1159.0. Subpart d provided "Except for the right to flood and release from flood damage, those structures for other than human habitation will be permitted to remain at the option of Owner." Supplemental Agreement No. P00003 dated October 12, 1973 reflected a change in the payment frequency and made no reference whatsoever to cabins or their removal. The express language of the Contracts clearly and unambiguously required the City and Water District as Owners to remove the cabins on or before January 1, 2000. Any ambiguity between the Contract between the Corps and the City and Water District and the Contract between the City and the Waggoner Estate is beyond the scope of Plaintiff's Motion for Summary Judgment. That the City and the Waggoner Estate used terms different from those used in the Corps/City Contract or imposed different obligations does not render the Corps/City Contract ambiguous, even if knowledge of those terms is ascribed to the Corps. That the City/District may have shifted or delegated all or part of the cabin removal obligation to the

Waggoner Estate by the Lake Kemp Agreement did not <u>relieve</u> the City/District of their removal oblgations.

From the very beginning, during negotiations concerning the original Contract and thereafter concerning the First and Second Supplemental Agreements, the parties referred to the structures requiring removal from the flood pool as "cabins." I find from the express language of the Contracts themselves that the parties contemplated that "cabins" were "habitable structures," whether inhabited, abandoned, structurally sound or dilapidated. That there could be structures other than "cabins" within the flood pool and whether such other structures were to be removed or removable was at the option of City/District, but clearly the Contract, as supplemented, required the removal of cabins and/or habitable structures, whether inhabited or not, by January 1, 2000.

I find from the summary judgment evidence that as of January 1, 2000, not all cabins or habitable structures below the 1159.0 m.s.l. elevation had been removed. Indeed, I find that there were many "cabins" or "habitable structures" (as many as 100 or more) that remained unremoved as of January 1, 2000. Accordingly, I find, as a matter of law, that City/District, City and Water District, have committed a substantial and material breach of their cabin removal obligations under the Contract.

I further find that the <u>number</u> and exact <u>location</u> of the cabins and/or habitable structures existing below the 1159.0 m.s.l. elevation at Lake Kemp is irrelevant with respect to determining the plain meaning of the contractual removal obligation or the issue of breach of that obligation. The term "cabins" as used in the Contract includes and is not limited to currently habitated structures.

Accordingly, summary judgment shall be granted to Plaintiff on the issues of contract interpretation, declaration and breach.

Nonetheless, there are significant fact issues as to whether or not Plaintiff is entitled to "specific performance."

> *Specific performance is a matter of grace and not an absolute right. The remedy of specific performance rests in the sound discretion of the trial court. That discretion is a judicial one, controlled by established doctrines and settled principles of equity.... Specific performance will be granted when it is apparent, from the view of all the circumstances, that it will subserve the ends of justice and it will be withheld when, from a like view, it is apparent that the performance will result in an injustice to either of the parties.... Although a contract (as in this case) is valid in law and not subject to rescission and equity, its terms, and the attendant circumstances, and even subsequent events, may be such as to require denial of specific performance. 67 Tex Jur III Specific Performance Sections 4 and 14 and cases cited.*
>
> *The court is not limited to, however, or entirely governed by, the conditions existing on the date of the contract. It may, in the exercise of discretion, deny relief where there has been a great change of circumstances, whereby enforcement of the contract against a party would be harsh and inequitable.... Ibid., Sec. 17; c.i.f. Portia's speech, from Merchant of Venice by William Shakespeare; Act III, Scene 2.*

City/District by their pleadings, summary judgment evidence and brief raise the specter of harshness, injustice and oppression to City, Waggoner and cabin owners by ordering cabin removal incident to specifically enforcing the Contract. The issues of the number and character of "cabins" remaining unremoved as of January 1, 2000 or currently unremoved, their location with regard to the mandated 1159.0 m.s.l. elevation, and the cost of such removal are relevant to the issues of harshness or oppression that may arise from the granting of specific performance. Since specific performance and its grant or denial is within the discretion of the Court, I find the same has neither been established nor negated by the summary judgment proof. Accordingly, summary judgment on the issue of grant or denial of specific performance shall be denied.

With respect to Plaintiff's request for summary judgment on Defendants' counterclaims, I find as follows:

1. that Defendant City/Water District has presented no evidence of any lack or insufficiency of any payment due from Plaintiff;

2. that the Contract between Plaintiff and City/District does not create any current or previous payment obligation that remains undischarged;

3. that there is no evidence of any unpaid debt owed by Plaintiff to Defendants; and

4) that City/District's declaratory judgment prayer is subsumed in the declaration hereinbefore made in favor of Plaintiff.

Having considered the pleadings filed in this action and the affidavits in support and in opposition to the Motion and Briefs of counsel, the Court is of the opinion that genuine issues as to material facts exist with respect to Plaintiff's entitlement to the remedy of specific performance and that Plaintiff is not entitled to summary judgment as a matter of law upon the whole case, but that certain facts are established as a matter of law. The Court finds that the following specific facts exist in this action as a matter of law:

1. that the Contract between the Corps and the City/Water District is not ambiguous;

2. that the Contract between the Corps and the City/Water District required the removal of all cabins and/or habitable structures below the 1159.0 m.s.l. elevation on or before January 1, 2000;

3. that some cabins and/or habitable structures below the 1159.0 m.s.l. elevation had not been removed by January 1, 2000; and

4. that the City/Water District substantially and materially breached the Contract by failing to remove all cabins and/or habitable structures situated below the 1159.0 m.s.l. elevation prior to January 1, 2000.

The Court further finds that there is no evidence to support Defendant City and Defendant District's claims:

    a) of non-payment or deficient payment by the Plaintiff;

    b) of any unpaid debt of the Plaintiff;

    c)       of any unperformed payment obligation by Plaintiff; and

    d)       any grounds for imposition of injunctive relief against the Plaintiff.

Issues of material fact do remain with respect to the justification for and extent of the remedy of specific performance as a remedy for the substantial and material breach of the Contract by City/Water District. Furthermore, all issues between City/Water District and Waggoner Estate remain unadjudicated.

**IT IS, THEREFORE, ORDERED**, that upon trial of the cause, the above found facts and declarations shall be deemed established and that this action shall be placed on the calendar of this Court for trial in accordance with such findings.

**IT IS SO ORDERED** this 5th day of October, 2006.

_____
**ROBERT K. ROACH**
**UNITED STATES MAGISTRATE JUDGE**